Day, Chief Judge.
"We are called upon to determine but one question : Did the district court err in dismissing the appeal? The decision of that question, however, depends upon the determination of another : Had the parties the right to demand a jury trial? S. & C. 589. A jury trial may be demanded of “issues of fact .arising in actions for the recovery of money.” Code, sec. 263. If, then, this ■case was an action for the recovery of mouey, a jury trial might be demanded, for an issue df fact arose in the action. Was the action for the recovery of money? That must be •determined by the character of the petition. The petition is founded on a claim for the recovery of money as dam.ages for the "breach of a contract, and a money judgment is the primary relief asked for. Had no other relief been prayed for, there could be no question but that either party might demand a jury trial. Do the additional statements in the petition, as a ground for equitable relief, change the right of the plaintiff to demand a money judgment ? He has made a case in the petition for a money judgment, and *377 'it is none the less complete by reason of those statements. 'The petition seems to have been framed with the idea of relying on two grounds or causes of action — one for money, the other for equitable relief. If so, then so long as the plaintiff insisted upon a money judgment, as he might under the petition, for full damages for the broach of the contract on which the action was founded, the parties were entitled to a jury trial, for an issue of fact, and the only issue of fact in the action was joined on that branch of the ■case. Nor were they debarred from the right of such trial, though the petition also sought in addition further relief of ■an equitable character. Ladd v. James, 10 Ohio St. 437.
One thing is clear. If the plaintiff made a good cause •of action for anything, it was one for the recovery of money, ■and it is equally clear that a recovery for full damages was ■sought; nor is it less true because he endeavored to make another case which would not be triable as of right to a jury. Though- his two grounds of action, or tíre relief sought, may have been inconsistent, and therefore one or the other not maintainable, we see no reason why he should be forced to abandon his primary ground of action, nor why he might not claim to recover upon it, a's he did, hy insisting upon a trial by jury of the cause of action made in the petition for money. Grant that he could not have both remedies sought in the petition, he might elect which he would pursue. This he jpractically did, by insisting, from first to last, upon a jury trial, and the enforcement of his action as a claim for damages. lie does not seek an injunction for the future, and an account for past •damages; but the petition is framed for full damages primarily, and it would seem that he stood in a position to .ask a judgment therefor, though he might thereby debar himself from the equitable relief he prayed for.
It is claimed on the part of the plaintiff'in error that the case of Rowland v. Entrekin, 27 Ohio St. 47, is decisive of this case. In that case the right to a money judgment was •entirely dependent upon a primary equitable reformation •of a contract. On the contrary, in this case, the right to a *378 money judgment does not depend at all upon the equitable relief sought; and, quite to the reverse of that ease, the equitable relief here sought, primarily depends upon the right to recover a money judgment. And the petition seeks primarily a money judgment, and then adds matter for equitable relief also. Since, then, the action, though equitable relief was sought thereby, was primarily for money, and a personal judgment insisted upon, the parties had a right to demand a trial by jury. The case was one, therefore, for a second trial in the same court, and not for appeal. It follows that the district court did not err in dismissing the appeal and remanding the case to the court of common pleas for a second trial.

Judgment affirmed.

Johnson, J., did not sit in the case.